UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN JANINE NEUWIRTH,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:25-cv-1297-AC<br><br><br>ORDER |

Plaintiff Erin Neuwirth commenced this social security action on May 6, 2025. ECF Nos. 1-2.[1] On November 21, 2025, the court granted the parties' stipulation and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 20, 21. Presently pending before the court is a stipulation for award of plaintiff's attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 23. After considering the briefing and the applicable law, the court grants the request for EAJA fees.

The EAJA provides, in part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15) and both parties voluntarily consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). ECF No. 9.

1

> expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
>
> The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C).

Here, the Commissioner does not dispute that plaintiff is a prevailing party, because she successfully obtained a remand for further proceedings under sentence four of 42 U.S.C. § 405(g). Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993). The Commissioner does not dispute that the application for EAJA fees is timely, because it was filed within thirty days of final judgment in this action. The Commissioner also concedes that plaintiff is entitled to an award of fees under the EAJA, because the position of the Commissioner was not substantially justified. ECF No. 23 at 2; see also Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995) (holding that claimant is entitled to attorneys' fees unless the government shows that its position "with respect to the issue on which the court based its remand was 'substantially justified'"). Because the Commissioner raises no objections, the court GRANTS the motion.

The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours

1    expended, and the results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990);
2    Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir.
3    1998).  In considering a reasonable rate for attorneys' fees, an increase in the statutory rate of
4    $125 may be justified to account for increases in the cost of living.  See Sorenson v. Mink, 239
5    F.3d 1140, 1148 (9th Cir. 2001).  The cost of living adjustment to the statutory cap is computed
6    by multiplying the statutory cap by the consumer price index for urban consumers for the year in
7    which the fees were earned, then dividing by the consumer price index figure on the date that the
8    cap was imposed by Congress.  Id. at 1148-49; see also Thangaraja v. Gonzales, 428 F.3d 870,
9    876-77 (9th Cir. 2005).[2]  The national, rather than local, change in cost of living should be
10   applied to adjust the EAJA rate cap because "if Congress had wanted to allow for cost of living
11   adjustments in a particular region or city, it could have done so in the statute."  Stewart v.
12   Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993).
13        The Commissioner does not oppose plaintiff's requested rate or the requested hours billed.
14   Therefore, the court will award plaintiff EAJA attorneys' fees in the full amount of $9,900.00.
15   The court notes counsel has executed a fee agreement that assigns her client's interest in EAJA
16   fees to counsel.  ECF No. 23-2.  However, the EAJA award must be made by this court to
17   plaintiff, and not to counsel.  See Astrue v. Ratliffe, 560 U.S. 586, 591-93 (2010).  Nevertheless,
18   if the government determines that plaintiff does not owe a federal debt that qualifies for offset,
19   payment may be made in the name of plaintiff's attorney.  The parties have not stipulated whether
20   such a debt exists.  ECF No. 23 at 2, n.1.
21        Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:
22        1. Plaintiff's motion for attorneys' fees under the EAJA (ECF No. 23) is GRANTED.
23        2. Plaintiff is awarded attorneys' fees in the total amount of $9,900.00 pursuant to the
24           EAJA.  If the government determines that plaintiff does not owe a federal debt that

---

[2] In accordance with the decision in Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually.  The rates may be found on the Court's website.  See http://www.ca9.uscourts.gov.  Here, plaintiff's requested rates are within the statutory maximum rate established by the Ninth Circuit.

qualifies for offset, payment may be made in the name of plaintiff's attorney.

IT IS SO ORDERED.

DATED: January 5, 2026

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4